2007-NMCA-093

164 P.3d 99

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Elmer Ray BURKE, Defendant–Appellant.**

**No. 27,109.**

Court of Appeals of New Mexico.

May 30, 2007.

Certiorari Granted, No. 30,474, July 20, 2007.

Gary K. King, Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Joseph P. Walsh, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Defendant appeals his conviction for failing to register in compliance with the Sex Offender Registration and Notification Act (SORNA). He argues that his failure to comply with SORNA is attributable to a protocol adopted by the local sheriff's department, whereby registration is only permitted during specific hours. Defendant attacks this protocol on the theory that it restricts access to the statutorily designated registrar so severely that it is inconsistent with SORNA. To the extent that the protocol is invalid, Defendant contends that his conviction should be overturned. For the reasons that follow, we find Defendant's arguments to be unpersuasive. We therefore affirm.

## BACKGROUND

{2} Defendant was convicted of a sex offense in Texas in 1988. He satisfied his sentence in 1999, and later moved to New Mexico. It is undisputed that as a consequence of his conviction, Defendant is required by SORNA to register annually with the local sheriff's department. *See* NMSA 1978, § 29–11A–4(A)–(M) (2005).

{3} Defendant is a resident of Curry County, and he complied with SORNA by registering with the Curry County Sheriff's Department (the CCSD) in June of 2003 and 2004. However, he failed to register similarly before the end of the year in 2005. As a consequence, he was arrested and charged with failing to register as required by law.

{4} At trial, Deputy Sheriff Loomis described the registration protocol adopted by the CCSD in 2005. He testified that although special accommodation is allowed in unusual cases and when the demand for assistance is greatest at the end of each calendar year, generally speaking SORNA registrations are conducted on Wednesdays between the hours of 1:00 and 4:00 in the afternoon. He indicated that this protocol was implemented when the responsibility for overseeing SORNA registrations was internally transferred from the civilian staff to the officers. Given the shortage of resources at the CCSD, Deputy Sheriff Loomis explained that the 1:00 to 4:00 limitation was designed to address staffing concerns.

{5} At trial, Defendant argued that his failure to comply with SORNA was directly attributable to the registration protocol adopted and implemented by the CCSD, which he claimed failed to take steps to accommodate him when he sought to register at the end of the year. Defendant then challenged the validity of the CCSD protocol, asserting that the limited time frame within which registrations are processed is inconsistent with the registration scheme established by the Legislature and the purposes underlying SORNA, such that the protocol represents an unauthorized and invalid regulation. He renews these arguments on appeal.

## STANDARD OF REVIEW

{6} Defendant's arguments primarily implicate questions of statutory interpretation. We therefore conduct de novo review. *State*

*v. Rivera,* 2004–NMSC–001, ¶ 9, 134 N.M., 768, 82 P.3d 939.

{7} As in all cases involving the construction of a statute, our goal is to identify and effectuate legislative intent. *State v. Smith,* 2004–NMSC–032, ¶ 8, 136 N.M. 372, 98 P.3d 1022. Our inquiry begins with an examination of the language utilized by the Legislature. *Rivera,* 2004–NMSC–001, ¶ 10. Additionally, we may consider the structure, context, history and background of the statute, as well as the likely policy implications of various constructions. *Id.* ¶¶ 13–14.

## DISCUSSION

{8} SORNA describes who must register as a sex offender, as well as where and how often registration must be accomplished. *See* § 29–11A–4(A)–(M). However, SORNA provides no specifications relating to the time, place, and manner in which the process of registration is to be conducted. Instead, SORNA provides that county sheriffs are responsible for implementing the registration scheme at the local level. Section 29–11A–4(A); NMSA 1978, § 29–11A–5(A)–(B) (2005). In light of SORNA's silence on the specifics of the registration process, we regard Section 29–11A–4(A) as a statutory delegation of authority to the local sheriff's departments to adopt appropriate procedures. [MIO 3–5] *Cf. City of Albuquerque v. N.M. Pub. Regulation Comm'n,* 2003–NMSC–028, ¶ 16, 134 N.M. 472, 79 P.3d 297 ("[I]t is presumed, in the context of administrative matters . . . that the Legislature intended for the agency to interpret legislative language, in a reasonable manner consistent with the legislative intent, in order to . . . respond to unaddressed or unforseen issues."). We decline to dictate to sheriff's departments what might be reasonable time, place, and manner restrictions on discharging their duties under SORNA.

{9} "Rules and regulations enacted by an agency are presumed valid and will be upheld if reasonably consistent with the statutes that they implement." *Tenneco Oil Co. v. N.M. Water Quality Control Comm'n,* 107 N.M. 469, 473, 760 P.2d 161, 165 (Ct.App. 1987), *superceded by statute on other grounds as stated in N.M. Mining Ass'n v.*

*N.M. Water Quality Control Comm'n,* 2007–NMCA–010, ¶ 19, 141 N.M. 41, 150 P.3d 991. Accordingly, we presume that the protocol adopted by the CCSD is valid to the extent that it is consistent with the goals that the Legislature sought to achieve through SORNA.

{10} Defendant contends that the registration protocol adopted by the CCSD undermines the essential purpose of SORNA. Insofar as SORNA seeks to establish an accurate and comprehensive registry, *see* NMSA 1978, § 29–11A–2(B) (1999), Defendant asserts that implementation at the local level should be designed to facilitate the registration process. Defendant argues that the CCSD has so severely restricted the hours and circumstances under which registration is permitted that individuals are obstructed and / or prevented from registering, thereby frustrating the goals of SORNA. We do not share Defendant's view.

{11} As previously described, the CCSD routinely processes SORNA registrations between the hours of 1:00 and 4:00 every week, thereby allocating a minimum of 156 hours per year to the registration process. Furthermore, viewing the evidence in the light most favorable to the district court's ruling, *see generally State v. Lopez,* 2005–NMSC–018, ¶ 9, 138 N.M. 9, 116 P.3d 80 (observing that where questions of historical fact are concerned, all reasonable inferences in support of the district court's decision will be indulged, and all evidence to the contrary will be disregarded), the CCSD also accommodates registrants at unscheduled times and allocates additional resources to the registration process when demand was high at the end of each calendar year. We do not regard this as an impermissibly narrow window of opportunity for registrants.

{12} On the whole, the CCSD's policy appears to represent a balancing of interests. By setting aside specific hours every week to address sex offender registration and by simultaneously assigning the responsibility of overseeing registration to an officer rather than a civilian, the CCSD has adopted an approach that facilitates registration in a manner that is solicitous of both the public

interest in efficiently gathering and maintaining accurate information, and the private interest of sex offenders in having reasonable opportunity to complete the registration process. We regard both of these considerations as consistent with the SORNA.

{13} Defendant objects to the registration protocol on grounds that it accommodates staffing concerns at the CCSD at the expense of the "convenience of those who are required to register." However, we find nothing in SORNA to suggest that the convenience of sex offenders was the preeminent concern of the Legislature. To the contrary, it seems clear that by delegating the business of implementation to the various sheriff's departments, the Legislature evinced the intent to permit reasonable time, place, and manner restrictions to be adopted in order to accommodate concerns about the efficient allocation of resources to the registration process. Insofar as the protocol adopted by the CCSD represents a reasonable balance of interests, we reject Defendant's challenge to it.

## CONCLUSION

{14} For the reasons stated above, we conclude that the CCSD's approach to processing SORNA registrations is consistent with statutory mandate. We therefore reject Defendant's assertions of error, and uphold his conviction.

{15} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and MICHAEL D. BUSTAMANTE, Judges.