2008-NMSC-052

192 P.3d 767

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Elmer Ray BURKE, Defendant–Petitioner.**

No. 30,474.

Supreme Court of New Mexico.

Aug. 26, 2008.

John Bigelow, Chief Public Defender, Joseph P. Walsh, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Gary K. King, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, NM, for Respondent.

## OPINION

MAES, Justice.

{1} This appeal arises from a conviction for failure to register as a sex offender, contrary to the provisions of the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29–11A–1 to –10 (1995, as amended). SORNA mandates the establishment and maintenance of a central sex offender registry and places the responsibility of gathering information and enforcing the registration requirements on county

sheriffs. Section 19–11A–2(B). The Curry County Sheriff's Department (CCSD) implemented a policy of registering sex offenders only between 1:00 p.m. and 4:00 p.m. on Wednesdays. Defendant argued at trial and on appeal that the CCSD's registration policy prevented him from meeting SORNA's requirements for timely registration; that the CCSD's registration policy is inconsistent with SORNA; and, therefore, Defendant's conviction should be reversed. The Court of Appeals affirmed Defendant's conviction on the ground that the CCSD's policy is consistent with the statutory mandate of SORNA for processing sex offender registrations. On certiorari review, we hold that Defendant and the Court of Appeals' Opinion have misconstrued this appeal by hanging Defendant's conviction on the validity of the CCSD's registration policy. The only issue raised by Defendant's appeal is whether his conviction is supported by sufficient evidence. We affirm Defendant's conviction on that ground.

### FACTS AND PROCEEDINGS BELOW

{2} Defendant is a registered sex offender in Curry County, and SORNA requires that Defendant renew his registration annually before December 31 with the CCSD. *See* Section 29–11A–4(L)(2). Defendant timely registered in 2003 and 2004, but he failed to register before December 31, 2005.

{3} At trial for failure to comply with SORNA's registration requirements, Defendant argued that he was effectively prevented from timely registration due to the CCSD's policy of limiting the time for sex offender registration to Wednesdays between 1:00 p.m. and 4:00 p.m. Defendant testified that he attempted to register on Thursday, December 29, 2005, but, at the Sheriff's Office, he was told to come back "next Wednesday" in compliance with the policy. Defendant testified that he intended to return the following Wednesday (January 4, 2006), but he was arrested for his failure to register before he could do so.

{4} The State offered contravening testimony from Deputy Sheriff Sandy Loomis, who was in charge of sex offender registrations, and members of the CCSD staff. Deputy Sheriff Loomis testified that, between December 28 and December 30, 2005, he had suspended the Wednesday registration policy and advised staff members that "no one was to be turned away." The staff members confirmed that the deputy sheriff had suspended the Wednesday registration policy. The staff members also testified that they neither recalled Defendant coming into the Sheriff's Office on Thursday, December 29, nor remembered anyone being turned away.

{5} At the close of the State's evidence before Defendant presented his case, Defendant made a motion for directed verdict. Defendant argued that the CCSD's policy limiting the registration hours to Wednesday afternoons does not comply with SORNA. Defendant further argued that the CCSD's policy violates the State's preemption of sex offender registration under Section 29–11A–9, which prohibits cities, counties, home rule municipalities, and other political subdivisions from adopting or affecting any ordinance, rule, regulation, resolution, or statute regarding sex offender registration. The district court noted that the standard for overcoming a motion for directed verdict is dependent on whether the State has produced enough evidence relating to the elements of the crime charged. The court also noted that Defendant had already admitted that he was required to register under SORNA and had failed to do so. Finding that the State had provided evidence showing that Defendant had an "opportunity to register," the court found that the State had met its burden and denied the motion.

{6} After the close of evidence, the case was submitted to the jury. The jury instructions for failure to comply with SORNA's registration requirements required the jury to determine, *inter alia,* whether "Defendant willfully and knowingly failed to renew his registration as a sex offender before the 31st day of December, 2005." The instructions did not require the jury to determine whether the CCSD's registration policy complied with SORNA. The jury convicted Defendant of failure to comply with the sex offender registration requirements, a fourth-degree felony. Section 29–11A–4(N).

{7} Defendant appealed two issues to the Court of Appeals: (1) "Whether the policy of

registering sex offenders only on Wednesday from 1:00 pm to 4:00 pm as implemented by Curry County Deputy Sheriff, Sandy Loomis, complies with the registration requirements as set forth by the legislature"; and (2) "[w]hether the restrictive registration compliance policy as implemented by Sandy Loomis of the Curry County Sheriff's Office violates the preemption statute created and enacted in January 2005."

{8} The Court of Appeals framed the appeal as one requiring the Court to interpret the legislative mandate in SORNA, requiring county sheriffs to implement the registration scheme at the local level. *State v. Burke*, 2007–NMCA–093, ¶ 8, 142 N.M. 218, 164 P.3d 99. The Court determined that Defendant's appeal turned on whether the CCSD's registration policy is reasonably consistent with that mandate. *Id.* ¶ 9. To that end, the Court balanced the public interest in gathering and maintaining accurate information on sex offenders against offenders' private interest in having a reasonable opportunity to complete the registration process. *Id.* ¶ 12. The Court held that the CCSD's registration policy represents a reasonable balance of interests and is consistent with SORNA's mandate. *Id.* ¶ 13–14.

{9} Defendant filed a petition for writ of certiorari, presenting one issue to this Court: Whether the sex offender registration schedule instituted by the CCSD comports with the intent of SORNA. We granted certiorari to clarify the scope of appellate review in this case.

## DISCUSSION

{10} Defendant does not challenge his status as a sex offender, his obligation to renew his registration, or his knowledge that he was required to register as a sex offender before December 31, 2005. Defendant's sole contention is that he did not willfully fail to register because he was turned away on December 29, a Thursday, and told to return on January 4, a Wednesday, in compliance with the CCSD's sex offender registration policy.

{11} Defendant's presentation of the issues and the Court of Appeals' analysis belie the actual, appealable issues that were before the district court. Whether the policy constitutes a reasonable interpretation of SOR-NA's registration requirements was not at issue at trial. Defendant's argument that the policy prevented him from registering was properly addressed within the context of the State's burden of proving all the elements of the crime. Specifically, the State had the burden to prove that Defendant's failure to register was willful. Consequently, the details of the CCSD's policy that would be necessary to determine whether the policy is reasonably consistent with SORNA's mandate were not developed. These details include how the policy was enforced; what, if any, notification of the policy was communicated to the Curry County sex offenders; whether and to what extent exceptions to the policy were granted; and the purposes for the policy. Such an inquiry would require additional evidence regarding the CCSD's resources and the needs of the offenders required to register. The district court was not required to consider these issues, and the record before us is insufficient to properly consider the policy outside of its effect on the State's burden to prove all the elements of the crime charged.

## Standard of Review

{12} Where, as here, a defendant asserts that the State failed to prove all the elements of the crime charged, the question on appeal is whether the jury's verdict is supported by sufficient evidence. *State v. Baca*, 1997–NMSC–059, ¶ 13, 124 N.M. 333, 950 P.2d 776. In reviewing a conviction for sufficient evidence, we "examine the record to determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Day*, 2008–NMSC–007, ¶ 15, 143 N.M. 359, 176 P.3d 1091 (quoted authority omitted). "We view the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* (quoted authority omitted). Moreover, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Duran*, 2006–NMSC–035,

¶ 5, 140 N.M. 94, 140 P.3d 515 (quoted authority omitted).

### Sufficiency of the Evidence

{13} The State presented evidence by which the jury could permissibly reject Defendant's version of the facts. Deputy Sheriff Loomis's testimony that he had suspended the Wednesday policy from December 28 to December 30 supports the inference that Defendant was not turned away pursuant to the policy. Moreover, the CCSD staff members testified that they did not recall Defendant coming into the Sheriff's Office on December 29, that they did not recall anyone being turned away, and that they were directed not to turn anyone away. From these facts, the jury could reasonably infer that Defendant was not prevented from registering, and that his failure to register was willful. Therefore, we hold that the verdict is supported by sufficient evidence.

### CONCLUSION

{14} We affirm the conviction but reverse the Court of Appeals' Opinion because the Court of Appeals reached issues that were not properly raised by Defendant's appeal.

{15} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, RICHARD C. BOSSON, and CHARLES W. DANIELS, Justices.