**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                                                       **NO. 29,200**

**RICHARD HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals from a judgment on his convictions for aggravated assault, evading an officer, and tampering with evidence. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has responded with a memorandum in opposition, pursuant to an extension of time from this Court.

Defendant has also moved to amend the docketing statement to add a claim that the evidence was insufficient to support his conviction for tampering with evidence. As we conclude that the issue Defendant seeks to add is not viable, and as we are not persuaded by Defendant's arguments in support of reversal, we deny Defendant's motion to amend the docketing statement and affirm Defendant's convictions.

**Sufficiency of the Evidence of Aggravated Assault and Evading an Officer**

Defendant contends that there was insufficient evidence to support his two convictions for aggravated assault and his conviction for evading an officer. [DS unnumbered page 10] In reviewing a conviction for the sufficiency of the evidence,

> we examine the record to determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction. We view the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. Moreover, contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.

*State v. Burke*, 2008-NMSC-052, ¶ 12, 144 N.M. 772, 192 P.3d 767 (alteration omitted) (internal quotation marks and citations omitted).

The basis of Defendant's claim is that there was conflicting evidence that might have led a jury to question whether Defendant was the person who committed the assault or fled from the officer. [DS unnumbered page 8; MIO 6] Defendant suggests that because the complaining witnesses originally gave a description of Defendant that

differed from his actual appearance, no jury could have found beyond a reasonable doubt that Defendant was the person who committed the assaults or attempted to evade arrest. [DS unnumbered pages 3-5, 8; MIO 6] We disagree. Ms. Chavez positively identified Defendant as the man who assaulted her and her husband. [DS unnumbered page 3] Officer Coon identified Defendant as the person who fled from him. [DS unnumbered page 6] This evidence was sufficient to establish that Defendant was the perpetrator.

Although there was other evidence that might have raised questions about Ms. Chavez's identification, this Court does not reweigh the evidence or substitute our judgment for that of the factfinder, and we disregard conflicting evidence that would support a contrary verdict. *See State v. Neal*, 2008-NMCA-008, ¶¶ 19-20, 143 N.M. 341, 176 P.3d 330. Accordingly, we hold that there was sufficient evidence to support Defendant's convictions for aggravated assault and evading an officer.

**Motion to Add an Argument that There Was Insufficient Evidence of Tampering with Evidence**

Defendant asks this Court to exercise its discretion to permit Defendant to amend his docketing statement to add an argument that there was insufficient evidence to support his conviction for tampering with evidence. [MIO 6-8] *See* Rule 12-208(F) NMRA ("The Court of Appeals may, upon good cause shown, allow the amendment of the docketing statement."). We will allow a defendant to amend a docketing

3

statement to raise an additional issue only if the issue sought to be added is viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Here, Defendant argues that there was not sufficient evidence to support the jury's determination that he took off his jacket and put it on the ground in order to prevent his apprehension, prosecution, or conviction. [MIO 7] Defendant relies on *State v. Duran*, 2006-NMSC-035, ¶¶ 12-18, 140 N.M. 94, 140 P.3d 515, in which our Supreme Court held that when certain evidence related to a crime was never found and there was no evidence to indicate that the defendant hid it, there was insufficient evidence to support the defendant's conviction for tampering with evidence. *Duran* does not apply to this case, since here, the evidence was in fact found, several feet away from the car in which Defendant was apprehended. It was for the jury to determine whether Defendant placed the jacket there in order to make it less likely that he would be identified by his clothing and caught, and as we will not re-weigh that evidence, we conclude that this issue is not viable, and deny Defendant's motion.

**Prosecutorial Misconduct**

Defendant contends that the prosecutor mischaracterized certain evidence in a manner that deprived him of a fair trial. [DS unnumbered page 10] In closing, the prosecutor apparently began to argue that Defendant had pulled a gun on Officer

4

Coon. [DS unnumbered page 9] However, Defendant objected and the district court sustained the objection. [DS unnumbered page 9] The prosecutor then stated that Defendant was probably drunk when he approached the vehicle, and Defendant's objection to this statement was also sustained. [DS unnumbered page 9] In rebuttal, the prosecutor argued that Defendant actually pointed the gun at the Sanchezes, and again the district court sustained Defendant's objection. [DS unnumbered pages 9-10]

"[I]n reviewing claims of prosecutorial misconduct, we determine whether the [district] court abused its discretion by denying a motion for a new trial based upon the prosecutor's conduct, by overruling the defendant's objection to the challenged conduct, or by otherwise failing to control the conduct of counsel during trial." *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807. In this case, we cannot conclude that the district court abused its discretion. It sustained all three of Defendant's objections and Defendant does not contend that it was not within the district court's discretion to do so. Although Defendant suggests in his memorandum in opposition that the district court should have declared a mistrial [MIO 8], it does not appear that Defendant sought a mistrial, and under the circumstances, the prosecutor's remarks did not have "such a persuasive and prejudicial effect on the jury's verdict that defendant was deprived of a fair trial." *See id.* Therefore, we hold that reversal is not warranted.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL D. BUSTAMANTE, Judge**



_____
**MICHAEL E. VIGIL, Judge**