This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39075**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUSTIN KESTERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender From the Eleventh Judicial District Court, in *In re Pilot Project for* Criminal Appeals, No. 2019-002, effective October 1, 2019. After considering the brief in chief, concluding that the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from his conviction for failure to register as a sex offender, a fourth degree felony, contrary to NMSA 1978, Section 29-11A-4(P) (2013). [RP 86-89] He challenges the sufficiency of the evidence to support the conviction. [BIC 1, 6-14]

**{3}** In order to support a conviction for failure to register as a sex offender in this case, the State was required to prove that Defendant was convicted of a sex crime on March 4, 2019; Defendant was residing in New Mexico between March 6 and April 16, 2019; Defendant had changed residences as of April 9, 2019; Defendant did not register with the county sheriff on or prior to April 16, 2019; and Defendant willfully or knowingly failed to register. [RP 72] *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{4}** Defendant does not challenge his status as a sex offender, his places of residence at the relevant times, or his failure to register as required. Defendant's sole contention is that he did not knowingly or willfully fail to register. [BIC 6-14] We limit the scope of discussion accordingly. *See, e.g.*, *State v. Burke*, 2008-NMSC-052, ¶ 13, 144 N.M. 772, 192 P.3d 767 (similarly limiting the scope of analysis to the sufficiency of the evidence to establish the contested element).

**{5}** "Where, as here, a defendant asserts that the [s]tate failed to prove all the elements of the crime charged, the question on appeal is whether the jury's verdict is supported by sufficient evidence." *Id.* ¶ 12. "In reviewing a conviction for sufficient evidence, we examine the record to determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt[.]" *Id.* (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* (internal quotation marks and citation omitted). "Moreover, contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Id.* (alteration, internal quotation marks, and citation omitted).

**{6}** Applying the foregoing principles, we summarize as follows. The State called several witnesses, including both the investigating officer and the sex offender registration administrator with the San Juan County Sheriff's Office. [BIC 2-4; RP 51-55] They testified that on March 6, 2019, Defendant was clearly advised about the need to register each address or temporary location where he was living within five days after any change. [BIC 2] Defendant initialed, signed, and dated the form which set out the registration requirements. [BIC 2, 10] Defendant also completed a change of address form on that date, with the assistance of the sex offender registration administrator. [BIC 3, 10] The witnesses further testified that Defendant changed addresses roughly a month later, without submitting the required form. [BIC 3-4] This evidence supports the rational inference that Defendant willfully or knowingly failed to register. *See, e.g.*, *Burke*, 2008-NMSC-052, ¶¶ 3-4, 13 (rejecting a challenge to the sufficiency of the evidence to establish that a defendant's failure to register was willful, where the state

presented evidence that the defendant failed to register as required, as well as evidence that the defendant was not turned away or otherwise prevented from registering the local sheriff's office); *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 ("Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances."); *see also State v. Bankert*, 1994-NMSC-052, ¶ 17, 117 N.M. 614, 875 P.2d 370 ("A conviction will be upheld if based upon a logical inference from circumstantial evidence.").

**{7}** In his brief Defendant urges that he simply forgot, or "spaced it," [BIC 4, 10, 13] and that his effort to call after the sheriff's office attempted to contact him should compel a different result. [BIC 8-14] However, the jury was not required to accept Defendant's testimony, or to draw inferences favorable to him. *See Burke*, 2008-NMSC-052, ¶ 13 (explaining that "the jury could permissibly reject [the d]efendant's version of the facts"); *State v. Brown*, 1992-NMCA-028, ¶ 17, 113 N.M. 631, 830 P.2d 183 (indicating that the jury is not required to draw inferences favorable to the defendant).

**{8}** Ultimately, we conclude that the jury was at liberty to draw the reasonable inference of knowing or willful failure to register, as it did. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." (alterations, internal quotation marks, and citation omitted)). We therefore uphold the verdict; *see State v. Billington*, 2009-NMCA-014, ¶ 9, 145 N.M. 526, 201 P.3d 857 ("We will not disturb a verdict that is supported by substantial evidence.").

**{9}** In light of the foregoing, we affirm Defendant's conviction.

**{10} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**