This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40233**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NOVA SAMUEL CRAWFORD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals his conviction for failing to register as a sex offender. We were unpersuaded by Defendant's docketing statement and issued a calendar notice proposing to summarily affirm. Defendant has filed a memorandum opposing our proposed analysis, which we have duly considered. We remain unpersuaded and affirm.

**{2}** In his response to our notice, Defendant argues that he did not willfully fail to register as a sex offender under the requirements of the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013), because he was homeless, he never moved to a new residence after he was

forced to leave his state-subsidized housing due to its lack of funding, he never had a residence to report, and the authorities knew of his whereabouts at all times due to his ankle monitor. [MIO 1, 7-12]

**{3}** We are not persuaded. The registration requirements of SORNA are broadly worded to create an onerous obligation on sex offenders and contemplate a homeless sex offender who relocates:

> When a sex offender who is registered or required to register is *homeless* or does not have an established residence, but lives in a shelter, halfway house or transitional living facility or *stays in multiple locations in New Mexico, the sex offender shall register each* address or *temporary location* with the county sheriff for each county in which the sex offender is living or *temporarily located.* The sex offender shall register no later than five business days after a change in living arrangements or temporary location.

Section 29-11A-4(H) (emphases added). Because Defendant's difficult situation is contemplated by SORNA, we are not persuaded that the difficulty inherent in his homelessness provides a justification or excuse for noncompliance. *See State v. Burke*, 2008-NMSC-052, ¶ 11, 144 N.M. 772, 192 P.3d 767 (taking a strict and narrow approach to the defendant's sufficiency challenge to his conviction for failure to register that did not consider the defendant's contentions about the needs of offenders required to register, his contention that the local county registration policy was overly restrictive and denied him a reasonable opportunity to register, and his claim that registering was overly burdensome—on grounds that these are not elements of the offense that the state needed to address and that the state presented evidence that the defendant was not prevented from registering). Given that Defendant did not report his change in residence within five days of the change and did not point to evidence establishing a viable excuse showing that he was prevented from registering, we hold that sufficient evidence was presented of Defendant's willful failure to register as a sex offender. *See id.* ¶¶ 8, 14 (reversing this Court's consideration of whether the registration policy of the local county sheriff's department was overly burdensome or consistent with SORNA and our balancing of the "public interest in gathering and maintaining accurate information on sex offenders against offenders' private interest in having a reasonable opportunity to complete the registration process" on grounds that these issues were not properly addressed in the defendant's challenge to the sufficiency of the evidence).

**{4}** Lastly, we are not persuaded that the broad language used to create the burdensome registration requirements for homeless sex offenders in Section 29-11A-4(H) is reasonably construed to create an exception to the registration requirements for homeless sex offenders who habitually relocate, particularly considering the purpose and effect of SORNA. *See, e.g.*, *State v. Ogden*, 1994-NMSC-029, ¶ 27, 118 N.M. 234, 880 P.2d 845 ("[T]he language of penal statutes should be given a reasonable or common sense construction consonant with the objects of the legislation, and the evils sought to be overcome should be given special attention."); *State v. Herrera*, 1974-

NMSC-037, ¶ 6, 86 N.M. 224, 522 P.2d 76 ("We will not construe statutes . . . to defeat the intended object of the [L]egislature."). The express purpose of SORNA is to recognize that "sex offenders pose a significant risk of recidivism" and that efforts to protect "communities from sex offenders are impaired by the lack of information available concerning convicted sex offenders" in New Mexico; thus, SORNA assists law enforcement to protect communities by requiring sex offenders who live, work, or attend school in New Mexico "to register with the county sheriff," by "requiring the establishment of a central registry for sex offenders," and by "providing public access to information regarding certain registered sex offenders." Section 29-11A-2. New Mexico case law recognizes the "varying types and degrees of adverse consequences [of SORNA's registration requirements] for an offender . . . [and nevertheless] conclude[s] that they are not excessive in relation to the public safety purpose of SORNA." *State v. Drunktenis*, 2004-NMCA-032, ¶ 34, 135 N.M. 223, 86 P.3d 1050; *see id.* ("The purpose and the principal effect of notification are to inform the public for its own safety, not to punish or stigmatize and ostracize the offender."). For these reasons, "[w]e will not read into a statute language which is not there" to find an exception to the registration requirements for homeless sex offenders who relocate often. *See Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 15, 147 N.M. 512, 226 P.3d 611.

**{5}** Based on the foregoing and the reasons provided in our notice, we affirm Defendant's conviction for the failure to register as a sex offender.

**{6}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**