Certiorari Denied, January 7, 2009, No.31,443

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-014**

**Filing Date:  October 21, 2008**

**Docket No. 26,984**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellee,**

**v.**

**CURTIS BILLINGTON,**

     **Defendant-Appellant.**


**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen Quinn, District Judge**


Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**KENNEDY, Judge.**

**{1}**     Defendant Curtis Lee Billington registered twice as a sex offender and was arrested the following year when he did not register.  Scant evidence, if any, was presented at trial that he had ever been apprised so as to be on notice of the registration duties of the convicted

1

sex offender under the Sex Offender Registration and Notification Act (SORNA). NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007). He appeals his conviction for failure to renew his registration annually as a sex offender contrary to Section § 29-11A-4(N).

{2}     On appeal, Defendant centers his arguments around the fact that he was never formally notified by an agent of the State of New Mexico concerning the requirement that he register. He asserts that at trial the State presented insufficient evidence of such notice to convict him and that the failure of the State to provide him with notice as required by statute violates his right to due process. We reverse, concluding that the State provided insufficient evidence to prove beyond a reasonable doubt that Defendant willfully failed to renew his registration.

**FACTS AND PROCEDURAL HISTORY**

{3}     In April 1993, Defendant was convicted of three counts of criminal sexual contact, each a fourth-degree felony. Sentencing was suspended, and Defendant was placed on supervised probation for four and one-half years. Because the conviction preceded the 1995 enactment of New Mexico's laws requiring registration of convicted sex offenders, Defendant's judgment and sentence contained no mention of any requirement that he register as a sex offender. *See* § 29-11A-7. In 1998 after Defendant was released from probation, the statute required that he register as a sex offender for ten years following his release date. After receiving a letter in 2003 informing him that he was required to register, Defendant registered as a sex offender for the first time since his release from probation. That letter was not an exhibit in the trial record. Defendant registered again in 2004 but failed to register after that.

{4}     Deputy Sheriff Sandy Loomis testified that he was an investigator for the Curry County Sheriff's Department and was responsible for maintaining the sex offender registry as dictated by statute. Deputy Loomis made contact with Defendant in 2005 for purposes of performing a "validation" in which he annually visited sex offenders to verify the information in the sex offender database. When he became aware that Defendant had not registered in 2005, Deputy Loomis obtained a warrant for Defendant's arrest for failing to register. Defendant was arrested and charged with one count of failure to renew his registration annually.

{5}     Deputy Loomis testified that he used Defendant's 2004 sex offender registration as a basis for his information about Defendant. He also testified that Defendant initially registered as a sex offender in 2003, after the Sheriff's office sent him a letter notifying him of the registration requirement. That letter was never entered into evidence, although Defendant's 2003 and 2004 registrations and the judgment and sentence document from his 1993 convictions were entered into evidence. When Deputy Loomis "validated" Defendant's sex offender registry information, he did not inform Defendant of his continuing duty to register. Deputy Loomis investigated Defendant's status with the State Probation and Parole Division but did not have a record of what Defendant may have signed regarding the requirement that he register annually.

**{6}** At trial, Defendant argued that because he did not receive notice pursuant to the statute that he was required to register, he could not be convicted under the statute. After the close of the State's evidence, Defendant requested a directed verdict. The district court denied the motion. Defendant was convicted and received an eighteen-month suspended sentence.

## DISCUSSION

**{7}** Defendant raises two issues. First, Defendant argues that because he did not receive notice of his annual duty to register as a sex offender, the State failed to provide sufficient evidence to prove, beyond a reasonable doubt, that Defendant willfully failed to renew his sex offender registration. Second, Defendant argues that it is a violation of his right to due process to be convicted of failure to register when he did not receive adequate notice.

### Standard of Review

**{8}** In this appeal, we must "effectuate the Legislature's intent" by "looking first to the words the Legislature chose and the plain meaning of the language." *State v. Moya*, 2007-NMSC-027, ¶ 6, 141 N.M. 817, 161 P.3d 862. We must, however, avoid adopting a strict construction of the statutory language if it would convey an absurd or unreasonable result. *Id.* We interpret the statute "according to its obvious spirit or reason." *Id.* (internal quotation marks and citation omitted). We review and interpret the language of the statute under a de novo standard of review. *State v. Simmons*, 2006-NMSC-044, ¶ 6, 140 N.M. 311, 142 P.3d 899.

**{9}** When we review for sufficiency of evidence to support a conviction, we engage in a two-step process. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). We start by viewing the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *Id.* at 765-66, 887 P.2d at 759-60; *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, "we make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Apodaca*, 118 N.M. at 766, 887 P.2d at 760 (internal quotation marks and citation omitted). We will not disturb a verdict that is supported by substantial evidence. *State v. Anaya*, 98 N.M. 211, 212, 647 P.2d 413, 414 (1982).

### Defendant's Failure to Renew His Registration as a Sex Offender

**{10}** It is undisputed that Defendant was required to register for ten years following his release from probation. *See* Section 29-11A-5(E). Defendant does not dispute that he failed to renew his registration as a sex offender on or before December 31, 2005. Defendant argues that because he did not receive written notice required by the statute, the State's evidence failed to show that he willfully or knowingly did not comply with the registration requirement.

3

**{11}** There are two statutory provisions that relate to Defendant's situation, and both fall under SORNA.[1] Section 29-11A-4(N) states that "[a] sex offender who willfully or knowingly fails to comply with the registration requirements . . . is guilty of a fourth degree felony[.]"

**{12}** Relevant parts of Section 29-11A-7, which is entitled "Notice to sex offenders of duty to register," read as follows:

> A. A court *shall* provide a sex offender convicted in that court with written notice of his duty to register . . . . The written notice *shall* be included in judgment and sentence forms provided to the sex offender.
> . . . .
> B. The corrections department, a municipal or county jail or a detention center at the time of release of a sex offender in its custody, *shall* provide a written notice to the sex offender of his duty to register[.]

(Emphasis added.)

**{13}** The requirement of willfulness in the statute establishes an element of mens rea. "'Willfully' denotes the doing of an act without just cause or lawful excuse." *State v. Masters*, 99 N.M. 58, 60, 653 P.2d 889, 891 (Ct. App. 1982); *State v. Sheets*, 94 N.M. 356, 366, 610 P.2d 760, 770 (Ct. App. 1980) ("To meet the willfulness requirement, all that is required is proof that the person acted intentionally in the sense that he was aware of what he was doing."). "The presence or absence of notice to the defendant may have a bearing at trial on the question of willfulness, depending upon the other facts of the case." *Masters*, 99 N.M. at 60, 653 P.2d at 891. Therefore, this presents a dual requirement for proof of a defendant's guilt: a defendant must have known that he was required to register annually for ten years, and the defendant did not do so despite this knowledge. *Lambert v. People of the State of California*, 355 U.S. 225, 229 (1957). While the knowledge may be proven circumstantially, "the proof must be specific to *this* defendant." *Commonwealth v. Ramirez*, 865 N.E.2d 1158, 1161 (Mass. App. Ct. 2007) (emphasis in original). The circumstances of Defendant's arrest and prosecution in this case currently give unequivocally sufficient notice to Defendant of his obligations under SORNA. *State v. Clark*, 880 P.2d 562, 565 (Wash. Ct. App. 1994) (holding that a defense of lack of knowledge is only good for the first offense).

**{14}** The first question that we consider, then, is whether the State provided sufficient evidence to prove beyond a reasonable doubt that Defendant knew of his duty to register annually as a sex offender. We hold that the State did not.

**{15}** Defendant's judgment and sentence clearly did not inform Defendant of an annual duty to comply with SORNA. Defendant received the judgment and sentence in 1993, before SORNA was passed into law. No testimony at trial indicated that when Defendant

---

[1]For a complete history of SORNA, *see State v. Druktenis*, 2004-NMCA-032, ¶¶ 5-7, 135 N.M. 223, 86 P.3d 1050.

was released from probation, he was informed by Probation and Parole of a duty to register as a sex offender. The State's only witness at trial regarding notice to Defendant was Deputy Loomis, who testified about a letter sent to Defendant, apparently informing him of his duty to register. However, that letter is not included in the record on appeal, and we do not consider it. *See State v. Duncan*, 95 N.M. 215, 216, 619 P.2d 1259, 1260 (Ct. App. 1980). Even in the process of "validating" Defendant in 2005, Loomis could not testify that he discussed the obligation of annual registration with Defendant but instead testified that when he was talking with Defendant during his "validation" visit, he specifically did not do so.

**{16}** The State rests the bulk of its argument on Loomis' testimony that Defendant registered twice and that those registrations prove that Defendant knew of his continuing duty to register as a sex offender. It places great emphasis on the registration forms provided to Defendant on the two occasions when he appeared to register, but we do not consider the State's argument persuasive that the registration forms provided the required notice to continue to register annually. The only potential notice on this form is in one line at the top of the first page. The line has an empty space for entry of a check mark after each of the terms "New:" and "Annual Renewal:" followed by the term "(Check One)." There was no testimony that Defendant was the person required to enter a check mark in one of the spaces nor was there testimony that anyone informed Defendant during the registration process that he was required to register annually. The spaces for the check marks indicate to us that the person responsible for completing the registration form was required to note whether the sex offender was registering for the first time or renewing registration on an annual basis.

**{17}** The second page of the registration form includes a box containing blanks for the name, title, agency, address, and telephone number of the person performing the registration function (Registrar). A different Registrar performed Defendant's registration for the 2003 and 2004 registration years, but both Registrars were employees of the Curry County Sheriff's Department. Based on clear distinctions in handwriting, it is apparent that Defendant merely signed and dated both forms in the designated spaces on the second page underneath the locations designated for all other entries while the Registrar in each case hand wrote all of the other entries onto each form.

**{18}** The State also argues that the presence of Defendant's signature on the registration forms completed in 2003 and 2004 establishes notice to Defendant that he was required to renew his registration annually. Defendant contends that the registration forms (which except for the check spaces mentioned above are silent on the requirement of annual registration) were not adequate notice of a requirement that he register annually from the date of his release from probation. We agree with Defendant's argument. Absent testimony to establish that Defendant was made aware of an annual duty to register and absent any evidence proving that Defendant was given written notice of a duty to register annually for ten years after his release date, we cannot accept Defendant's signature on the registration form as notice of his duties under SORNA.

**{19}** The strictures of *Masters* compel us to consider the surrounding facts of this particular case when determining whether there was enough evidence to convict Defendant of willfully failing to comply with the annual registration requirements. *Masters*, 99 N.M.

5

at 60, 653 P.2d at 891. While we recognize that the question of willfulness is one for the fact-finder, *id.*; *see* UJI 14-2229 NMRA (instructing the jury to find that "[t]he defendant's failure to appear was willful, without sufficient justification or excuse"), we conclude that there was not sufficient evidence to convict Defendant of failure to comply with the registration requirements.

{20}    In the absence of some proof by the State tending to show voluntary avoidance on the part of a defendant, there can be no presumption of notice. *City of Albuquerque v. Juarez*, 93 N.M. 188, 191, 598 P.2d 650, 653 (Ct. App. 1979), *overruled on limited grounds in State v. Herrera*, 111 N.M. 560, 565, 807 P.2d 744, 749 (Ct. App. 1991). Willfulness is an intent requirement; the defendant must have intended to fail to renew his registration. *See State v. Elliott*, 2001-NMCA-108, ¶ 9, 131 N.M. 390, 37 P.3d 107. A defendant cannot be convicted for a failure through mere carelessness to renew his registration. *See id.* Defendant argues that the lack of notice that registration was a required annual event for the ten years following his release from parole provides him with a lawful excuse for his failure to re-register. For such a narrow argument, we are compelled under the facts of this case to construct a very narrow rule as we agree with his position.

{21}    Though noting that *Lambert*, 355 U.S. at 229-30, and subsequent cases concerning registration requirements akin to ours treat a failure of notice as a due process violation, we do not address Defendant's argument that he was not afforded due process through notification of the registration requirement because we reverse, holding that the State did not present sufficient evidence to prove beyond a reasonable doubt that Defendant willfully failed to renew his registration annually.

**CONCLUSION**

{22}    Having concluded that the State failed to prove beyond a reasonable doubt that Defendant willfully failed to renew his sex offender registration annually, we reverse Defendant's conviction.

{23}    **IT IS SO ORDERED.**

 

                                                     **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

 

**MICHAEL D. BUSTAMANTE, Judge**

 

**MICHAEL E. VIGIL, Judge**

 

Topic Index for *State v. Billington,* No. 26,984

**AE**  **Appeal and Error**
AE-SR  Standard of Review

**CL**  **Criminal Law**
CL-SX  Sex Offenses

**CA**  **Criminal Procedure**
CA-DU  Due Process
CA-NO  Notice
CA-RU  Reasonable Doubt
CA-SE  Substantial or Sufficient Evidence

**ST**  **Statutes**
ST-LI  Legislative Intent