This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. 30,056**

**CHRIS RONALD ETCITTY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant Chris Ronald Etcitty appeals his conviction of failure to register as a sex offender in violation of NMSA 1978, Section 29-11A-4(N) (2005) of the New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007).  Defendant argues (1) that the district court erred in admitting evidence of a sex crime conviction in Florida; (2) that the State failed to prove that Defendant was a sex offender under New Mexico law; and (3) that the district court erred in applying a strict liability standard rather than one of general intent for the requisite mens rea.  We affirm.

**BACKGROUND**

In August 2007, Defendant went voluntarily to the  sex offender division of the Sheriff's Department in San Juan County, New Mexico.  He provided Detective John Myers, the sex offender compliance coordinator, with conviction information from Florida where Defendant had been convicted of lewd and lascivious molestation of a child, pursuant to a plea of nolo contendere.  Based on the conviction information provided by Defendant, Detective Myers advised Defendant that he would be required to register as a sex offender, in person, every ninety days.  Defendant continued to register as required through October 2008.  At his October 2008 registration, Defendant was advised that he was required to register again in January 2009.  In January 2009, Defendant failed to register and was no longer in compliance with the

ninety-day requirement in Section 29-11A-4(L)(1). Based on Defendant's failure to register in January, the State filed a criminal complaint indicating that "on[] about or between February [1], 2009[,] through February [4], 2009[,]" Defendant "willfully fail[ed] to comply with the sex offender registration requirements of Section 29-11A-4[.]" An arrest warrant was issued on February 5, 2009. Detective Myers stated in the affidavit for arrest warrant that "as of [February 4, 2009] it ha[d] been approximately [ninety-six] days since [Defendant] last registered as required by New Mexico registration laws." Defendant was arrested pursuant to the arrest warrant on February 7, 2009. On February 11, 2009, Defendant voluntarily contacted Detective Myers and registered. From February 11, 2009, until the time of trial, Defendant remained compliant with the registration requirements.

At Defendant's bench trial in September 2009 the district court admitted State's Exhibit 1, a packet comprised of a court file from Lake County, Florida, indicating that Defendant was a convicted sex offender. The court found Defendant guilty of one count of failure to register as a sex offender contrary to Section 29-11A-4(N).

On appeal, Defendant seeks reversal of his conviction. He argues that the district court erred in admitting the Florida court file, which he contends constituted untrustworthy and prejudicial evidence. Defendant also claims that the State failed to prove that he was a sex offender under New Mexico law and, therefore, failed to

3

prove he was required to register as a sex offender. Finally, Defendant argues that the district court applied an improper standard of proof with regard to the mens rea requirement of SORNA. After examining each of Defendant's arguments, we affirm.

**Admission of the Florida Documents**

Defendant contends that he was prejudiced by the district court's admission of the Lake County, Florida court file that indicated Defendant was adjudged a sex offender, because the documents constituted "untrustworthy evidence." Defendant argues that the documents were hearsay that did not fit within a recognized hearsay exception, that the documents were admitted without proper foundation, and that their admission violated his right to confrontation. We examine each of these arguments in turn.

We review a district court's decision to admit or exclude evidence for abuse of discretion. *State v. Johnson*, 2010-NMSC-016, ¶ 40, 148 N.M. 50, 229 P.3d 523. We review the constitutional question of whether Defendant's right to confrontation was violated de novo. *See State v. Bullcoming*, 2010-NMSC-007, ¶ 41, 147 N.M. 487, 226 P.3d 1, *cert. granted*, 131 S. Ct. 62 (No. 09-10876, Sept. 28, 2010).

In regard to Defendant's argument that the documents in question did not fit within a recognized hearsay exception, the State maintains that the documents were admissible under several exceptions to the rule against hearsay. To the extent that the

4

State argues the applicability of Rule 11-803(H) NMRA, we agree. Rule 11-803 states, in part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> H. **Public records and reports.** Records, reports, statements[,] or data compilations, in any form, of public offices or agencies, setting forth
>
> > (1) the activities of the office or agency,
>
> > (2) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel[.]

In *State v. Gallegos*, this Court applied the applicable version of Rule 11-803(H) in affirming the admissibility of exhibits which, as here, included court documents in the defendant's prior criminal cases. 91 N.M. 107, 111, 570 P.2d 938, 942 (Ct. App. 1977) (stating that the defendant's argument that exhibits in the form of authenticated copies of judgments in prior criminal cases were improperly admitted was without merit and explaining that the documents were admissible). *See generally State v. O'Kelley*, 118 N.M. 52, 56, 878 P.2d 1001, 1005 (Ct. App. 1994) (stating that Rule 11-803(8), as cited in *Gallegos*, was changed to Rule 11-803(H)). Thus, the

Florida court documents, which included the judgment indicating that Defendant was a convicted sex offender, were admissible under Rule 11-803(H).

Next we examine whether there existed a proper foundation for the admission of the documents. Defendant argues that the documents are not self-authenticating under New Mexico Rules of Evidence and, therefore, without a proponent to testify as to their authenticity, they were inadmissible. We disagree.

Rule 11-902 NMRA, Self-authentication, states in part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> A. **Domestic public documents under seal.** A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory[,] or insular possession thereof, . . . or of a political subdivision, department, officer[,] or agency thereof, and a signature purporting to be an attestation or execution[.]

The Lake County, Florida court file contained, among other things, a copy of a judgment that indicated Defendant had been convicted of "lewd/lascivious molestation of [a] child," as well as a copy of the criminal information that supported the Florida conviction. Each separate document in the packet bore the seal of the Circuit Court Clerk of Lake County, Florida, and an original signature of a deputy clerk, and the date of certification.

Defendant argues that the Lake County seal is insufficient under Rule 11-902 because it is not the official seal of the State of Florida. However, this Court has

previously held documents to be certified pursuant to Rule 11-902(B) where "[t]hey [had] the district court seal and the signature of a deputy clerk on them or on an attachment to them." *State v. Griffin*, 108 N.M. 55, 59, 766 P.2d 315, 319 (Ct. App. 1988); s*ee Bardacke v. Dunigan*, 98 N.M. 473, 476, 649 P.2d 1386, 1389 (1982) (explaining that certificates which had been signed by the county clerk, or his or her deputy, and upon which a county seal had been affixed were considered self-authenticating under Rule 11-902(1) (current version at Rule 11-902(A)).

This Court has also affirmed the admission of exhibits in the form of certified copies of court records under Rule 11-1005 NMRA. *State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 598, 698 P.2d 462, 468 (Ct. App. 1985) (affirming the admission, under Rules 11-1005 and 11-902(4) (current version at Rule 11-902(D)), of court records that had been certified by the Bernalillo County District Court Clerk). Rule 11-1005 states, in pertinent part, that "[t]he contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 11-902[.]" Here, as in *Welsh*, the certified copies of documents contained in Defendant's Florida court file were admissible. *See* 102 N.M. at 598, 698 P.2d at 468.

Defendant relies on *State v. Tom*, 2010-NMCA-062, 148 N.M. 348, 236 P.3d 660, to argue that because the State did not present a witness or evidence to prove that the Florida court certification was genuine, admission of the documents was erroneous. Defendant's reliance on *Tom* is misplaced. The foundational requirements at issue in *Tom* were related to the admission of breath-alcohol test results. *Id.* ¶¶ 5, 11. Admission of breath-alcohol results is conditioned upon a showing that the machine used for administering the breath test meets the certification standards of the Department of Health. *Id.* ¶ 12. Documents under seal from a court in another state are a different matter.

We disagree with Defendant's argument that the facts in *Tom* relating to foundational requirements are analogous to the facts in this case. As we have already indicated through *Bardacke* and *Griffin*, a document exhibiting a county seal or a document bearing the seal of a district court and the signature of a clerk or a deputy clerk, are self-authenticating. *Bardacke*, 98 N.M. at 476, 649 P.2d at 1389; *Griffin*, 108 N.M. at 59, 766 P.2d at 319. Self-authenticating documents do not require extrinsic evidence of authenticity. Rule 11-902. Thus, we hold that the district court did not abuse its discretion by admitting court documents related to the Florida conviction.

As to his right to confrontation, Defendant argues that "[w]hile a record of a conviction may not be prepared solely for later prosecution, such a document is a testament, declared by the court creating it," that a defendant was convicted of a sex offense. He reasons that the court clerk who created the file could reasonably have expected that the record would be used in future prosecutions of crimes such as failure to register as a sex offender. Consequently, he argues, the record is testimonial.

Under the Confrontation Clause, "testimonial hearsay is barred . . . unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination." *State v. Aragon*, 2010-NMSC-008, ¶ 6, 147 N.M. 474, 225 P.3d 1280. While the United States Supreme Court has not provided a comprehensive definition of the term "testimonial," the New Mexico Supreme Court stated, "[o]ne concise definition consistent with the various formulations and historical analysis [defining the meaning of "testimonial" is], involvement of government officers in the production of testimony with an eye toward trial, because this provides a unique potential for prosecutorial abuse." *State v. Dedman*, 2004-NMSC-037, ¶ 29, 136 N.M. 561, 102 P.3d 628, *overruled on other grounds by Bullcoming*, 2010-NMSC-007 (alteration omitted) (internal quotation marks and citation omitted). Generally, "public records are . . . admissible absent confrontation, not only because they qualify under an exception to the hearsay rules, but because they are not testimonial, having

9

been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Aragon*, 2010-NMSC-008, ¶ 18 (alteration omitted) (emphasis omitted) (internal quotation marks and citation omitted).

In this case, the Florida court file was not testimonial. Not only did the file qualify under an exception to the hearsay rule, it was not prepared "with an eye toward trial" in the present matter. Although some of the documents contained in the file may have been prepared in preparation for the Florida case, here, the court file was presented as public record evidence and was therefore admissible. Defendant fails on appeal to argue that any particular document within the file or upon which the district court may have relied in making its judgment, constituted testimonial evidence. The two documents that supported the district court's determination, the judgment and the criminal information, were not testimonial. Thus, we hold that the file was properly admitted.

**Sufficiency of the Evidence**

Defendant next contends that the State failed to prove that he was a sex offender under New Mexico law and as such was required to register under SORNA. Defendant asserts that it was therefore "legally impossible for the district court to convict him" of violating SORNA.

"Where . . . a defendant asserts that the [prosecution] failed to prove all the elements of the crime charged, the question on appeal is whether the [fact finder's judgment] is supported by sufficient evidence." *State v. Burke*, 2008-NMSC-052, ¶ 12, 144 N.M. 772, 192 P.3d 767. In making a determination regarding sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *State v. Billington*, 2009-NMCA-014, ¶ 9, 145 N.M. 526, 201 P.3d 857. By indulging all reasonable inferences and resolving all conflicts in favor of the verdict, we determine whether the evidence could justify a finding by a rational fact finder that each element of the crime was established beyond a reasonable doubt. *Id.* Providing there exists sufficient evidence to support the verdict, the appellate courts will not substitute its judgment for that of the fact finder. *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891. Section 29-11A-3 provides definitions as used in SORNA. Section 29-11A-3(E) defines "sex offense" as "any [sex offense statutorily recognized under New Mexico law] or their equivalents in any other jurisdiction[.]" One definition of "sex offender" is "a person who . . . changes residence to New Mexico, when that person has been convicted of a sex offense pursuant to state, federal, tribal[,] or military law[.]" Section 29-11A-3(D)(2).

In this case, the State presented evidence that (1) Defendant was a convicted sex offender in Florida; (2) that Defendant was a resident of New Mexico when he was

11

charged with and tried for violating Section 29-11A-4(N); and (3) the criminal information underlying the Florida conviction indicated that Defendant approached a fifteen-year-old girl, armed with a hammer, which he wielded threateningly and, under the guise of that threat, intentionally touched in a lewd or lascivious manner the clothing covering the victim's breasts and/or the clothing covering her buttocks.

Our criminal sexual contact of a minor statute, NMSA 1978, § 30-9-13 (2003), provides, in pertinent part:

> A.     Criminal sexual contact of a minor is the unlawful and intentional touching of or applying force to the intimate parts of a minor . . . .  For the purposes of this section, "intimate parts" means . . . buttocks . . . or breast.
>
>        . . . .
>
> D.     Criminal sexual contact of a minor in the fourth degree consists of all criminal sexual contact:
>
>        (1)    . . . of a child thirteen to eighteen years of age perpetrated with force or coercion[.]

Thus, in New Mexico, if Defendant committed a similar act as that which led to his conviction in Florida, he would have been guilty of criminal sexual contact of a minor and thereby required to register as a sex offender under SORNA. *See* § 29-11A-4(A) (mandating a sex offender's registration with the county sheriff for the county in which the sex offender resides).

Defendant urges us to consider the possibility that the facts relied on by the Florida court in accepting Defendant's plea could have materially differed from the facts alleged in the criminal information. Doing so, however, is contrary to our standard of review, as we must indulge all reasonable inferences and resolve all conflicts in favor of the judgment. *Billington*, 2009-NMCA-014, ¶ 9. It was reasonable in this case for the district court to infer that there was no material difference between the facts that Defendant pleaded to in Florida and those contained in the criminal information. We thereby reject Defendant's assertion that "no rational fact finder could have found beyond a reasonable doubt" that Defendant was a sex offender, subject to SORNA.

**SORNA's Mens Rea Requirement**

Defendant's final argument is that the court erred in applying a strict liability standard to the crime of failure to register as required by SORNA. Defendant asserts that his registering on February 11, 2009, albeit late, was evidence that he lacked the requisite intent to not register. While Defendant concedes that the district court did not enter any formal finding explaining what standard of proof it applied in reaching its verdict, he points to the court's verbal comment that failure to register "very well may be a strict liability crime." And, based on this statement, Defendant contends that

the district court's judgment was compromised as it was based on a misapprehension of SORNA's mens rea requirement.

The standard of review used by this Court for questions of statutory interpretation is de novo. *Billington*, 2009-NMCA-014, ¶ 8. We must carry out the legislative intent of a statute by looking to the plain meaning of its language and "according to its obvious spirit or reason." *Id.* (internal quotation marks and citation omitted).

Here, the Legislature's intent to impose a mens rea requirement is evidenced by SORNA's phrasing. Section 29-11A-4(N) reads, in pertinent part, that "[a] sex offender who *willfully or knowingly* fails to comply with the registration requirements set forth in this section is guilty of a fourth degree felony[.]" (Emphasis added.) *See Billington*, 2009-NMCA-014, ¶ 13 ("The requirement of willfulness in [a] statute establishes an element of mens rea.").

In *Billington*, this Court examined the willfulness requirement as it pertains to failure to register under SORNA. *Id.* ¶¶ 10-21. As explained in *Billington*, to be found guilty of violating SORNA "a defendant must have known that he was required to register [periodically] . . . , and . . . did not do so despite this knowledge." *Id.* ¶ 13.

In this case, the State presented evidence of Defendant's knowledge of the ninety-day registration requirement through the testimony of Detective Myers. In

14

compliance with the registration requirement, which was explained to Defendant at his first meeting with Detective Myers, Defendant registered and continued to comply with the required ninety-day registration through October 2008. When Defendant completed his October 2008 registration, he was advised that he needed to register again in January 2009.

Further evidence of Defendant's knowledge of the ninety-day registration requirement consisted of the State's Exhibit 2, entitled Conditions For Sex Offender Registrations, which Defendant signed. The exhibit also showed Defendant's initials next to each requirement including "[m]ust register once every [ninety] days[.]" Detective Myers testified that he witnessed Defendant signing this document at his initial registration in August 2007.

There is nothing in the record to indicate that the court's judgment was based on strict liability. It is well established that this Court will not consider arguments of counsel that are unsupported in the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104. The district court's mere reference to a possibility that failure to register may be a strict liability offense does not mean that the judgment was in error. Even if we were to construe the court's judgment to be based on a strict liability concept, an appellate court "may uphold the [district court's] decision if it was right for any reason." *State v. Macias*, 2009-NMSC-028, ¶ 17, 146 N.M. 378,

210 P.3d 804. The State presented sufficient evidence to prove that Defendant knew he was required to register every ninety days and, despite this knowledge, he failed to do so. Therefore, notwithstanding the possibility that the district court based its determination of Defendant's guilt on an improper standard of proof, we hold that the judgment was correct.

**CONCLUSION**

We Affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**