This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 32,354

**JOHNNY DARIO VALENZUELA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant appeals from a final order denying his post-conviction motion for relief pursuant to Rule 1-060(B) NMRA. We issued a notice of proposed summary disposition, proposing to uphold the district court's determination. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that the district court erred, we affirm.

{2}     Defendant challenges the validity of his conviction for failing to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA).

{3}     First and foremost, Defendant contends that because his conviction predates the enactment of SORNA, applying the registration requirement to him violates the Ex Post Facto Clause of the New Mexico Constitution. [MIO 1, 10-33] Defendant specifically urges this Court to depart from the federal analysis and to apply the New Mexico provision more broadly. [MIO 10-33] However, this Court previously declined to adopt a more expansive reading of the Ex Post Facto Clause of the New Mexico Constitution in *State v. Druktenis*, 2004-NMCA-032, ¶ 38, 135 N.M. 223, 86 P.3d 1050. Defendant urges that *Druktenis* should not be regarded as controlling because a thorough argument relative to heightened protections under the New Mexico Constitution was not developed in that case. *See id.* Although the discussion in *Druktenis* may have been succinct, it clearly provides that the federal analyses are

2

not flawed, structural differences between the federal and state constitutions are not apparent, and no distinctive state characteristics are presented. *Id.* To the extent that Defendant invites this Court to alter its assessment relative to these critical considerations, we decline to do so.

{4} Defendant further argues that the evidence presented in this case demonstrates that the effects of the registration requirement are so adverse as to render SORNA punitive in nature. [MIO 14-33] However, as the district court observed below, *Druktenis* considered the same adverse consequences, including "employability problems, harassment, stigma[,] ostracism, humiliation, and physical harm[.]" *Id.* ¶ 33. We remain unpersuaded that the evidence presented relative to these effects warrants a departure from our prior decision.

{5} Finally, Defendant renews his argument that the 2005 amendment eliminated the registration requirement relative to his situation. [MIO 4, 33-39] However, as we observed in our notice of proposed summary disposition, with respect to individuals such as Defendant who have been convicted before July 1, 2005, the provisions of SORNA prior to the enactment of the 2005 amendment apply. *See ACLU of N.M. v. City of Albuquerque,* 2006-NMCA-078, ¶ 49, 139 N.M. 761, 137 P.3d 1215; *see, e.g., State v. Billington*, 2009-NMCA-014, ¶¶ 3, 10-11, 145 N.M. 526, 201 P.3d 857 (illustrating the applicability of pre-2005 SORNA registration and penalty provisions

to a similarly situated individual).  Contrary to Defendant's suggestion, we are not inclined to characterize the pertinent portions of the cited authorities as dicta, to limit their application, or  to depart from them.

{6}    Accordingly, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we remain unpersuaded that the district court erred. We therefore affirm.

{7}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**