This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

NO. A-1-CA-38001

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH SANDOVAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant has appealed from the revocation of his probation. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue repetition here and focus instead on the content of the memorandum in opposition.

**{3}**     Defendant continues to argue that the district court erred in revoking his probation and requiring him to serve the balance of his sentence, rather than imposing a lesser sanction pursuant to a technical violation program. [MIO 5-7] However, insofar as Defendant admitted that he violated the conditions of his probation by violating state law, [CN 2-3; MIO 3; RP 194] the district court acted well within its discretion. *See generally State v. Lopez*, 2007-NMSC-011, ¶ 8, 141 N.M. 293, 154 P.3d 668 ("The Legislature has granted district courts the power to revoke probation when a probation condition is violated because rehabilitation, which is the primary goal, is not being achieved."); *State v. Aslin*, 2018-NMCA-043, ¶ 17, 421 P.3d 843 (explaining that Rule 5-805(C) limits technical violations to violations that do not involve new criminal charges), *cert. granted*, 2018-NMCERT-___ (No. S-1-SC-36999, June 25, 2018); *State v. Leyba*, 2009-NMCA-030, ¶¶ 13-18, 145 N.M. 712, 204 P.3d 37 (holding that an admission was sufficient to establish a probation violation).

**{4}**     Defendant contends that his admission to violating state law should not be regarded as a proper basis for the revocation of his probation, because he was later acquitted of the charge or charges. [MIO 5-6] However, where probation revocation proceedings are based upon apparent violation of state law, "[c]onviction of a subsequent offense is not a prerequisite for revocation of probation." *Maes v. State*, 1972-NMCA-124, ¶ 7, 84 N.M. 251, 501 P.2d 695. This follows from the differing standards of proof that apply: evidence that might be deemed insufficient to prove guilt beyond a reasonable doubt at a criminal trial could nevertheless suffice to establish a probation violation with reasonable certainty. *See generally State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (describing the different standards of proof in each context).

**{5}**     We understand Defendant to rely on a sentence in *Maes* which draws a distinction between the revocation of probation based upon actual violation of state law, which is clearly "proper," and the revocation of probation based upon a mere "*charge*," which is "improper" if an acquittal ensues. *Maes*, 1972-NMCA-124, ¶ 7 (emphasis added). Defendant suggests that it is unclear whether he admitted to actually violating state law, or merely to having been charged; and to the extent that he entered the more limited admission to being charged, he contends that his subsequent acquittal renders the revocation of his probation improper. [MIO 5-6] Although the argument is colorable in theory, the record does not support Defendant's position. The notes on the probation revocation proceeding clearly reflect that, after conferring with counsel, Defendant unambiguously admitted to violating state law, by possession of paraphernalia, as charged in count one of the petition to revoke. [RP 134, 145, 194-95] Although there was some discussion of "charges," the notes similarly make clear that this concerned the charged probation violations, rather than the pending criminal charges. [RP 194-95] Given the clarity of the admission, we remain unpersuaded that the revocation of Defendant's probation was improper. *See, e.g.*, *Leyba*, 2009-NMCA-030, ¶¶ 13-18 (rejecting a similar effort to minimize a clear admission, where the record supported the conclusion that the defendant knowingly and voluntarily admitted a nontechnical violation, supporting the revocation of his probation).

**{6}** Defendant further contends that the other alleged violations, which may be classifiable as technical in nature, were inadequately proven. [RP 6-8] This argument is largely academic, given that Defendant's violation of state law supplies an adequate independent basis for the revocation of Defendant's probation. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[If] there is sufficient evidence to support just one violation, we will find the district court's order was proper."). Nevertheless, we reiterate that the probation officer's testimony supplies adequate proof of the additional violations. [CN 2] *See, e.g.*, *id.* ¶¶ 38-39 (holding that a probation officer's testimony was sufficient to establish a violation and to support the revocation of probation). Although Defendant suggests that willfulness was not established, [MIO 7] the State's prima facie showing entailed a presumption of willfulness, which Defendant bore the burden of rebutting. *See Aslin*, 2018-NMCA-043, ¶ 9. The district court was not required to credit Defendant's suggestion that he was unable to report to his probation officer or to call the drug hotline because he did not have a cell phone. *See generally State v. Billington*, 2009-NMCA-014, ¶ 19, 145 N.M. 526, 201 P.3d 857 (observing that "the question of willfulness is one for the fact-finder").

**{7}** Finally, Defendant renews his claim of ineffective assistance of counsel, clarifying that it is based upon a variety of alleged deficiencies including failing to present affirmative proof of Defendant's lack of a cell phone, failing to object to hearsay, failing to advise Defendant of the consequence of admitting to violating state law, failing to seek a continuance, and failing to present a defense. [MIO 8-10] However, the record before us is insufficient to establish that trial counsel's conduct was unreasonable, lacked a strategic or tactical basis, or prejudiced the defense in the sense required. *See generally State v. Reyes*, 2002-NMSC-024, ¶ 48, 132 N.M. 576, 52 P.3d 948 (observing that the defendant must demonstrate that his counsel's errors prejudiced his defense such that there is "a reasonable probability that the outcome of the trial would have been different"), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, ¶ 36, 267 P.3d 806; *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (stating that an appellate court presumes that counsel's performance fell within the wide range of reasonable professional assistance); *Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198, 22 P.3d 666 (indicating that if there is a plausible, rational strategy or tactic to explain counsel's conduct, a prima facie case for ineffective assistance is not made). Although we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel, we do so without prejudice to Defendant's ability to pursue habeas proceedings. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

**{8}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JENNIFER L. ATTREP, Judge**