This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39967**

**CITY OF LAS CRUCES,**

Plaintiff-Appellee,

v.

**KAREN LAPLANTE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Office of the City Attorney
Robert A. Cabello, City Attorney
Las Cruces, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals her convictions for speeding, resisting, and concealing identity. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

### Sufficiency of the Evidence

**{2}** Defendant continues to challenge the sufficiency of the evidence to support her convictions for speeding, resisting, and concealing identity. [MIO 4, 7, 11] When assessing the sufficiency of the evidence, "we view the evidence in the light most

favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{3}** The elements of the challenged convictions are set forth in Defendant's memorandum [MIO 4, 7, 11] and the respective municipal ordinances. *See* Las Cruces, N.M., Code of Ordinances ch. 27, art. VI, § 12-6-1.2 (2004); Las Cruces, N.M., Code of Ordinances ch. 19, art. V, § 296 (1988); Las Cruces, N.M., Code of Ordinances ch. 19, art. I, § 4 (1988). We believe the State presented sufficient evidence to support these elements. Specifically, the officer who made the stop testified that he observed Defendant driving at a high rate of speed through a construction zone, that he was going the speed limit, and that Defendant's vehicle was going faster. [MIO 1] The officer's reference to the construction zone, the speed limit, and Defendant's speed amounted to sufficient evidence to establish speeding. The fact-finder could reasonably infer from the officer's testimony that the construction zone speed limit was posted. *See State v. Tarin*, 2014-NMCA-080, ¶¶ 7, 13, 331 P.3d 925 (stating that a prima facie case for a speeding violation is established when the state presents evidence that the speed limit was posted on a visible sign along the roadway, giving drivers proper notice of the designated speed limit, and a driver exceeds the posted speed limit; *Dahl v. Turner*, 1969-NMCA-075, ¶ 35, 80 N.M. 564, 458 P.2d 816 (explaining that, once alteration is authorized, the altered speed becomes the speed limit). To the extent that Defendant is claiming that the officer's testimony was unreliable because he did not use radar or pacing, we believe that the fact-finder could rely on the officer's physical observations. *State v. Sanders*, 1994-NMSC-043, ¶ 13, 117 N.M. 452, 872 P.2d 870 (observing that "[t]estimony by a witness whom the fact[-]finder has believed may be rejected by an appellate court only if there is a physical impossibility that the statements are true or the falsity of the statement is apparent without resort to inferences or deductions").

**{4}** With respect to resisting, our calendar notice presumed that the officer testified consistent with his incident report, where he indicated that Defendant ignored his instructions on multiple occasions, and was so noncompliant that he forced her to the ground when she was arrested. [RP 208] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the decisions of the trial court). Defendant's memorandum in opposition indicates that the officer testified about Defendant's continued resistance throughout the incident. [MIO 1-2] Likewise, the officer testified that Defendant refused to reveal her identity despite being asked her name on multiple occasions. [MIO 1] Defendant's memorandum in opposition would like us to interpret the facts in her favor. However, the fact-finder was

free to adopt the officer's version of events over Defendant's. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**Reasonable Suspicion/Arrest**

**{5}**    Defendant has also challenged reasonable suspicion to detain her and probable cause to make an arrest. [MIO 7, 13] We conclude that the facts set forth above indicate that there was reasonable suspicion to make the stop for speeding, and to make the arrest for either resisting or concealing identity. *See State v. Flores*, 1996-NMCA-059, ¶ 7, 122 N.M. 84, 920 P.2d 1038 (discussing reasonable suspicion standard); *see also State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286 (discussing probable cause standard).

**{6}**    For the reasons set forth above, we affirm.

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**