This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                               **No. 35,216**

**SALVADOR JUAN JARAMILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant appeals from the district court's order revoking his probation. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. We are not persuaded that the district court erred by revoking Defendant's probation and affirm.

{2}     On appeal, Defendant challenges the sufficiency of the evidence presented to support the revocation of his probation for violating a state law—aggravated battery on a household member—and for drinking alcohol. [DS 3, 5; MIO 4-6] To avoid the unnecessary duplication of efforts in this non-precedential Opinion, we do not reiterate the proposed analysis in our notice and respond only to those arguments raised in Defendant's response.

{3}     In his response to our notice, Defendant does not dispute that the facts upon which our notice relied were presented in district court to support revocation. Defendant argues that his testimony and the testimony of Ms. Ledezma, the victim, contradicted the video evidence of Ms. Ledezma's statements to police on the night of the alleged incident. [MIO 4-6] There is no dispute that the video evidence showed victim giving a sobbing and frightened account of how Defendant repeatedly punched and kicked her in the head and body and bit her on the back numerous times, while yelling at her and accusing her of having intimate relationships with other men. [RP

80; CN 2-3] The officer observed bruises on top of the victim's head and face, which was swollen and bloody, bite marks on her upper back, and scratches on her lower back and legs, which also had bloody patches on them. [RP 80; CN 3] The victim reported that she feared for the safety of her two-year-old and her fourteen-year-old, who were in the apartment with Defendant and the latter of whom Defendant had threatened to harm in the past. [RP 80; CN 3]

{4} It is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Consistent with our standard of review, we indulge all conflicts in the evidence in favor of the district court's ruling and disregard Ms. Ledezma's change of heart and Defendant's alternative version of events. *Cf. State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Viewing the officer's account, the video, and the photographic evidence in this light, we hold that the State established with reasonable certainty that Defendant violated his probation by battering his fiancee in violation of state law. *See State v. Tarin*, 2014-NMCA-080, ¶ 12, 331 P.3d 925 ("The reviewing court does not weigh the evidence or substitute

its judgment for that of the fact-finder as long as there is sufficient evidence to support the verdict." (alteration, internal quotation marks, and citation omitted)).

**{5}** Defendant also argues that his confession to police that he drank alcohol on the night of the incident, without any corroborating evidence, does not constitute sufficient evidence that Defendant consumed alcohol in violation of his probation. [MIO 6] In support of this argument, Defendant relies on *State v. Paris*, 1966-NMSC-039, ¶ 6, 76 N.M. 291, 414 P.2d 512 (setting forth the corpus delecti rule, which provides that "unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained solely on [the] extrajudicial confessions or admissions of the accused"). Even assuming the corpus delecti rule applies in a probation revocation context, and even assuming that it would apply to the current facts, we are not persuaded to reverse the revocation of Defendant's probation because there was overwhelming evidence to support the much graver allegation of aggravated battery on a household member. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[A]lthough [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

**{6}** For the reasons stated in this Opinion and in our notice, we affirm the revocation of Defendant's probation.

**{7}**      **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**TIMOTHY L. GARCIA, Judge**